**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

TENEESHIA MARSHALL,                              CASE NO.:

      Plaintiff,

v.

CITY OF GAINESVILLE,

      Defendant.

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, TENEESHIA MARSHALL, by and through the undersigned counsels, hereby files this Complaint against CITY OF GAINESVILLE, and states as follows:

### NATURE OF CLAIMS

    1.    This is an action for rights secured pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e et. Seq. ("Title VII"), as amended and Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA")

### JURISDICTION

    2.    Jurisdiction is conferred on this Court by 28 U.S.C. §§1331 and 1343(a). Declaratory relief is authorized under 28 U.S.C. §§2201 and 2202.

### VENUE

    3.    Venue exists in the Northern District of Florida, Gainesville Division, under 28 U.S.C. §1391 (b), as all events pertinent hereto occurred in Alachua County, Florida.

### THE PARTIES

    4.    Plaintiff is a natural person and at all times relevant to this action was an employee

of the CITY OF GAINESVILLE.

5.      Plaintiff, TENEESHIA MARSHALL ("MARSHALL"), is a resident of Gwinnett County, Georgia and she is a citizen of the United States of America.

6.      At all times relevant to this action, Plaintiff was an employee of Defendant.

7.      CITY OF GAINESVILLE is a State of Florida governmental entity and an "employer" as defined by Title VII and Florida Civil Rights Act of 1992, transacting business and performing services in Alachua County.

## EXHAUSTIVE OF ADMINISTRATIVE REMEDIES

8.      Prior to filing of this action, Plaintiff filed a Charges of Discrimination, which was dually filed with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The EEOC issued a Right to Sue Notice with regard to the Charge of Discrimination.

9.      This Complaint has been timely filed within the ninety (90) day time limitation. The Right to Sue Notice is attached hereto as Composite Exhibit "A."

## STATEMENT OF FACTS

10.      At all times relevant to this matter, MARSHALL was an employee of the CITY OF GAINESVILLE. MARSHALL was hired in 2018.

11.      MARSHALL was last employed as the Director of Equity and Inclusion, a Charter Officer for the City of Gainesville.

12.      MARSHALL'S duties included, but were not limited to, the enforcement of equal employment opportunities and federal and state employment laws, and the investigation of internal complaints of unlawful discrimination.

13.      MARSHALL'S job duties were mandated by the City Charter.

14.     LEE FELDMAN ("FELDMAN") joined the CITY OF GAINESVILLE in November of 2019 as the City Manager.

15.     Shortly after FELDMAN'S hire he initiated a reorganization of City Departments and offices.

16.     In or about December 2019, both Diane Wilson ("WILSON")and Andrew Persons filled Interim roles with the CITY OF GAINESVILLE; WILSON as Interim Finance Director and Mr. Persons as Interim Director for Department of Sustainable Development.

17.     FELDMAN opted to direct hire Mr. Persons to permanently fill the position of Director for Department of Sustainable Development, while WILSON'S position was subjected to the competitive process.

18.     Numerous Assistant City Managers, including the City's Human Resource Director, Lisa L. Jefferson informed FELDMAN that it would be inappropriate to direct hire Persons, but not WILSON.

19.     FELDMAN went as far as to tell Mr. Persons that he would be hiring him for the permanent Director position, absent a competitive and interview process.

20.     On or about January 14, 2020, WILSON filed a written complaint of gender discrimination with the CITY OF GAINESVILLE, with regard to the above referenced conduct of FELDMAN. A true and correct copy is attached hereto as Exhibit "B"

21.     FELDMAN acknowledged receipt of the complaint of gender discrimination.

22.     MARSHALL informed FELDMAN that he was prohibited from retaliating against WILSON, including, the appearance of retaliation.

23.     WILSON then filed a second internal complaint against FELDMAN alleging retaliation in that he unlawfully interfered with her being hired as the permanent Finance Director. (A true and correct copy is attached as Exhibit "C")

24.     MARSHALL told FELDMAN that he should be placed on paid leave pending the investigation so as to further avoid the appearance of retaliation or intimidation of WILSON. FELDMAN refused.

25.     It was customary, as the Director of Equity and Inclusion, that MARSHALL place the alleged aggressor on paid leave, pending the results of an investigation. MARSHALL counseled each Commissioner to encourage FELDMAN to take leave pending the investigation.

26.     MARSHALL was initially charged with investigating the complaint.

27.     FELDMAN and City Commissioner. Adrian Hayes- Santos immediately began to interfere in the investigation. Commissioner Hayes-Santos told MARSHALL that irrespective of the findings that he supported the City Manager over WILSON.

28.     In response, MARSHALL contracted out the investigation to the outside law firm of Shuffield, Lowman & Wilson, P.A.

29.     The independent investigation sustained WILSON'S allegations of retaliation by the City Manager.

30.     Around the same time, MARSHALL became aware of potential allegations of sexual harassment and that the victim had reason to believe that Commissioner Hayes-Santos would retaliate against her for coming forward. MARSHALL notified the Commission that their comments, during council meetings, which de-minimized discrimination complaints was having a chilling effect on employees coming forward. At one-point Commissioners referred to discrimination complaints as "petty" during a Commission meeting.

31.     After the findings and report were released as to WILSON, FELDMAN and the City Commission continued to interfere with the performance of MARSHALL'S duties, including, but not limited to and blocking her implementation of procedures to address discrimination.

32.     Soon thereafter, MARSHALL received her lowest performance evaluation in three years despite there being no support for the scores. Evaluations are used to calculate wage increases and trajectory within the organization.

33.     The level of interference in the performance of MARSHALL'S duties, as a result of her efforts to thoroughly investigate the claims by WILSON and others, was retaliatory and were so intolerable that a reasonable person would resign.

34.     On or about April 30, 2021, MARSHALL resigned from her position as Director. In further retaliation, the City refused to pay severance contrary to an employment agreement requiring said payment. (A true and correct copy is attached as Exhibit "D")

## COUNT I
## RETALIATION CLAIM PURSUANT TO TITLE VII OF THE CIVIL RIGHT ACT

35.     Plaintiff incorporates by reference Paragraphs 1 through 34.

36.     This is an action for unlawful retaliation pursuant to Title VII of the Civil Rights Act.

37.     During times relevant to this Complaint, MARSHALL engaged in protected activities, including, but not limited to objecting to and acting on behalf of alleged victims of discrimination.

38.     FELDMAN and THE CITY were aware of MARSHALL having engaged in protected activities.

39.     MARSHALL suffered adverse employment actions because of her protected activities, which included, but were not limited to, her being humiliated in the presence of fellow

employees; the City having behaved in a manner to chill others from pursuing discrimination claims; denying MARSHALL the appropriate severance after her resignation.

40.     Defendant engaged in unlawful retaliation of MARSHALL because of her engaging in protected activities as set forth above

41.     MARSHALL has continued to be retaliated against.

42.     As a direct and proximate result of Defendant's willful, knowing, malicious and intentional retaliation, on account of her protected activities, MARSHALL has and continues to suffer damages.

43.     MARSHALL was deprived of her rights guaranteed by law.

44.     Said acts of retaliation by Defendant, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, mental anguish, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensatory damages, pre and post judgment interest, damages for emotional distress, humiliation, attorneys' fees and costs and any other relief that this Court deems is just and proper.

## <u>COUNT II</u>
## <u>RETALIATION CLAIM PURSUANT TO FLORIDA'S CIVIL RIGHT ACT</u>

45.     Plaintiff incorporates by reference Paragraphs 1 through 34.

46.     This is an action for unlawful retaliation pursuant to Title VII of the Civil Rights Act.

47.    During times relevant to this Complaint, MARSHALL engaged in protected activities, including, but not limited to objecting to and acting on behalf of alleged victims of discrimination.

48.    FELDMAN and THE CITY were aware of MARSHALL having engaged in protected activities.

49.    MARSHALL suffered adverse employment actions because of her protected activities, which included, but were not limited to, her being humiliated in the presence of fellow employees; the City having behaved in a manner to chill others from pursuing discrimination claims; denying MARSHALL the appropriate severance after her resignation.

50.    Defendant engaged in unlawful retaliation of MARSHALL because of her engaging in protected activities as set forth above

51.    MARSHALL has continued to be retaliated against.

52.    As a direct and proximate result of Defendant's willful, knowing, malicious and intentional retaliation, on account of her protected activities, MARSHALL has and continues to suffer damages.

53.    MARSHALL was deprived of her rights guaranteed by law.

54.    Said acts of retaliation by Defendant, as set forth above, have caused and continue to cause Plaintiff past and ongoing damages, including, but not limited to, actual damages, loss of past and future earnings, employment benefits and job opportunities, mental anguish, embarrassment, and humiliation.

**WHEREFORE**, Plaintiff seeks an order prohibiting the discriminatory practices set forth above, an order awarding front pay, back pay, compensatory damages, pre and post judgment

interest, damages for emotional distress, humiliation, attorneys' fees and costs and any other relief that this Court deems is just and proper.

### COUNT III: TITLE VII HARASSMENT/CONSTRUCTIVE DISCHARGE

55.     Plaintiffs incorporate by reference as set forth herein in Paragraphs 1 through 34.

56.     At all times relevant to this action, Plaintiff was qualified for her employment positions.

57.     Plaintiff was subjected harassment, affecting the terms and conditions of her employment; resulting in adverse employment actions.

58.     Defendant subjected MARSHALL to harassment because she sought to investigative allegations of unlawful discrimination, objected to unlawful conduct and sought to defend the rights of those subjected to or believed to be unlawful conduct.

59.     Defendant subjected MARSHALL to such harassment that no reasonable person would have remained employed by Defendant.

60.     Defendant knew or should have known that its conduct would cause MARSHALL to resign and have a chilling effect on MARSHALL and others.

61.     Plaintiff has and continues to suffer damages due to Defendant's unlawful conduct which serves as the direct and proximate cause of Plaintiffs' damages, which include lost wages and benefits (past and present); emotional distress, humiliation, loss of consortium, and other tangible and intangible damages.

**WHEREFORE**, Plaintiff respectfully request that this Court grant the following relief: 1) Award Plaintiffs their lost wages and benefits (past and present); 2) compensatory damages, including mental and emotional distress; 3) prejudgment and post judgment interest; 4) Reasonable attorneys' fees and costs; 5) Injunctive relief; and 6) All other relief that may be deemed just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 (b) Federal Rules of Civil Procedure, Plaintiff hereby demands a trial

by jury.

### *"THIS SPACE WAS INTENTIONALLY BLANK"*

DSK Law
De Beaubien, Simmons, Knight,
Mantzaris & Neal, LLP

### */s/ Lindsay N. Greene*

**Lindsay N. Greene, Esquire**
Florida Bar No. 269610
332 N. Magnolia Avenue
Orlando, Florida 32801
Phone: (407) 422-2454
Facsimile: (407) 849-1845
lgreene@dsklawgroup.com
*Attorneys for the Plaintiff*

# COMPOSITE EXHIBIT "A"

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

---

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Ms. Teneeshia Marshall**<br>**6679 Sw 88th Drive**<br>**Gainesville, FL 32608** | From: **Miami District Office**<br>**100 SE 2nd St, Suite 1500**<br>**Miami, FL 33131** |

| EEOC Charge No.<br>**510-2021-06923** | EEOC Representative<br>**Latoya Allen,**<br>**Latoya.Allen@eeoc.gov** | Telephone No.<br>**Federal Investigator** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):*** *You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By:Roberto Chavez
08/24/2022

Enclosures(s)

**Roberto Chavez**
**Acting Director**

cc:     **Michelle F Martin**
        **CITY OF GAINESVILLE**
        **200 E UNIVERSITY AVE RM 425**
        **Gainesville, FL 32601**

        **Lindsay Greene**
        **DSK LAW GROUP**
        **332 North Magnolia Avenue**
        **Orlando, FL 32801**

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT "B"



FOR OFFICE USE ONLY:

COMPLAINT #: EO-I-2020-12

## COMPLAINT OF DISCRIMINATION

**COMPLAINANT:**                    **VS**                    **RESPONDENT:**

Diane M Wilson                                              Lee Feldman, City Manager
3454 NW 50th Ave                                           200 E. University Ave
Gainesville                                                Gainesville
352-359-3719

### THE ALLEGATION OF DISCRIMINATION IS BASED UPON: (CHECK ALL THAT APPLY)

| | | |
|---|---|---|
| ____ SEXUAL ORIENTATION | ____ AGE | ____ DISABILITY |
| ____ RACE | ____ RELIGION | ____ GENDER IDENTITY |
| ____ COLOR | ____ NATIONAL ORIGIN | ____ RETALIATION |
| _X_ GENDER | ____ MARITAL STATUS | |

### TYPE OF COMPLAINT:

_X_ FORMAL      ____ INFORMAL

### TYPE OF ALLEGATION:

____ HOUSING    _X_ EMPLOYMENT    ____ PUBLIC ACCOMMODATION    ____ FAIR CREDIT

____ OTHER (PROGRAMS/SERVICES)

### IF ANY OF THE FOLLOWING APPLY, PLEASE CHECK, **ONLY,** IF YOUR COMPLAINT IS BASED ON ONE OF THE ABOVE PROTECTED CHARACTERISTICS:

____ Harassment                    ____ Hostile Work Environment

Disparate treatment

Date of most recent discriminatory action: _____

The reason the Respondent gave for the alleged discriminatory action (eg: no work, downsizing, company closing, etc.) _____

_____

The reason I believe the action is discriminatory: A male co-worker and I have each been in interim director positions for approximately the same amount of time.

Revised: 12/2018

**EXHIBIT**

1

He is being direct hired into the permanent position whereas I have to participate in a competitive position with an executive recruiter. Additionally, the city manager has circumvented me and advised my staff of their movement via a reorganization, telling staff not to tell me of the change. My female counterparts have experienced the same while male directors have not.

**Personal harm suffered (ex: loss wages, increased rent, emotional distress, moving expenses, or any other expenses, embarrassment, having to do business elsewhere):** Emotional distress of being treated unfairly and seeing my female counterparts experiencing the same. Potential financial impact.

**What is your desired resolution?** Direct placement if it is given to my peer (who is the only other interim director) and fair treatment to all of staff.

I will advise the Office of Equal Opportunity if my address or telephone number changes and I will cooperate fully with them in the processing of my complaint in accordance with their procedures.

Note: During the investigation of a complaint, the Office of Equal Opportunity is neither an advocate for the Complainant or the Respondent.

I declare under penalty of perjury that the foregoing is true and correct.

**NOTARIZED SIGNATURE**

_Diane M Wilson_  1/18/20
**(COMPLAINANT)**

Notary Public State of Florida
Gilbert Means
My Commission GG 943207
Expires 12/29/2023

STATE OF FLORIDA
COUNTY OF ALACHUA

BEFORE ME, the undersigned authority, personally appeared _Diane Wilson_ to me well-known (or who produced _Well-known_ as identification), and s/he acknowledged before me that s/he is the person who signed the above and foregoing complaint.

WITNESS my hand and seal of my office, _Alachua_ County, Florida this _14_ day of _January_, A.D., _2020_.

_____
Notary Public, State-at-Large

My commission expires: _12/29/2023_

CITY OF GAINESVILLE OFFICE OF EQUAL OPPORTUNITY
222 E. UNIVERSITY AVE., 2ᴺᴰ FLOOR
OLD LIBRARY BLDG
P.O. BOX 490, STATION 52
GAINESVILLE, FL 32627-0490

Revised: 12/2018

000374

180 DAYS EXPIRE: _____

**CITY OF GAINESVILLE OFFICE OF EQUAL OPPORTUNITY**
**DAILY INTAKE FORM**

INTAKE PERSON: _Teneesia Marshall_ TIME: _11 am_ DATE _1/13/20_

CONTACT MADE BY:   PHONE: ☐   MAIL: ☐   IN PERSON: ☒   E-MAIL: ☐

NAME: _Dian M Wilson_

ADDRESS: _3454 NW 50th Ave_   CITY: _Gainsville_

STATE: _FL_   ZIP CODE _32605_ PHONE NUMBER: _352-359-3719_

EMAIL: _gatorcakes@yahoo.com_

HOW DID YOU HEAR ABOUT THE OFFICE OF EQUAL OPPORTUNITY?
_as city employee_

HAVE YOU FILED THESE ALLEGATION(S) WITH ANY OTHER AGENCY (EEOC, FCHR, Union)?
_no_

**ARE YOU A:**
CITY EMPLOYEE: ☒   OR   CITIZEN: ☐

IF CITY EMPLOYEE, DEPARTMENT EMPLOYED BY:
_____

**TYPE OF COMPLAINT:**

**FORMAL:** ☒   **INFORMAL:** ☐

**TYPE OF ALLEGATION(S):**

EMPLOYMENT: ☒   SERVICES, PROGRAMS, ACTIVITIES: ☐

**DO YOU BELIEVE THE SITUATION OCCURRED BECAUSE OF ONE OF THE PROTECTED CLASSES?**

☒ YES   If yes, which one(s)?     ☐ NO

**BASIS: (Please check all that applies)**

☐ Sexual Orientation _____   ☐ Religion _____
☐ Race _____   ☐ National Origin _____
☐ Color _____   ☐ Marital Status _____
☒ Gender _____   ☐ Disability _____
☐ Age _____   ☐ Gender Identity _____
(Only apply if 40 yrs old + over)

☐ Harassment - based on which protected class? _____

☐ Hostile work environment - based on which protected class? _____

☐ Retaliation - based on which protected class? _____

*NOTE: IF NOT BASED ON ONE OF THE PROTECTED CLASSES, PLEASE STOP HERE*

Revised: 12/2018                    1

If your allegation is based on employment:
What is your date of hire? 3/12/02
What was your job title at time of alleged discrimination? Assistant Finance Director, Acting as Interim Finance Director
If applicant, date and position you applied for: _____

If the allegation is based on disability, what is your disability? Describe your disability. Are you treated as if you have a disability? Explain. no

## DEPARTMENT YOU ARE FILING YOUR ALLEGATION(S) AGAINST:

DEPARTMENT: CITY MANAGER'S OFFICE   DIVISION: _____

Name specific individual (if applicable): City Manager-Lee Feldman

Position/Title: _____

*Date of most recent incident:* 11/10/20
*Is the action/situation continuing?* ☒ YES   ☐ NO

## WHAT ARE THE ISSUES? HOW HAVE YOU BEEN HARMED? (Terminated, demoted, suspended, denied hire, etc.)

I have been Interim Finance Director since 11/19/18. Andrew Persons has been the Interim Planning & Development Director for approx. the same period. The City Manager is direct hiring Andrew into the Director of Planning & Development position, yet the Finance Director position is being competitively hired, not only by city staff but through an executive recruiter, adding even more work, time, stress which may not even result in a successful promotion. I have 18 years with the city, in progressively increasing responsibility in management positions since 2008. Andrew has been with the city since 2012 and this interim position is his first management position with the city. Clear disparate treatment between Andrew (male) and myself (female.) Additionally, the city manager told my budget

000376

Manager, that he was removing Budget Division from Finance & standing it up as a separate department and not to tell ANYONE. He never mentioned this change to me [crossed out] or my ACM - Deborah Bowie - He has done this to [crossed out] two other directors, both female, that I'm aware of. Fortunately my Budget Manager came to me immediately since we have an excellent professional relationship & respect for one another.

**DO YOU HAVE ANY EVIDENCE/SUPPORTING DOCUMENTATION? (Termination form, employee handbook, application, job description, emails, etc.) If so, what?**

A [crossed out] letter has been written for Andrew's direct hire. I received [crossed out] 2 emails on 1/10/20 - from Assistant HR director & recruiter indicating I am being replaced as finance director.

**WHAT IS YOUR DESIRED RESOLUTION OF YOUR ALLEGATION(S)?**

If someone else is direct placed, I should be as well. I want the unprofessional desparate treatment of female directors to stop.

**WHAT HARM HAVE YOU SUFFERED?**

I have to go through a hiring process another director doesn't as well as disrespected as a professional. Emotional Distress of being treated this way & seeing others being treated so unfairly.

Diane M Wilson
_____
Print Name

[signature]
_____
Sign Name

1/13/20
_____
Date

000377



### OFFICE OF EQUAL OPPORTUNITY
### INTAKE ACKNOWLEDGEMENT FORM
### FOR THE COMPLAINANT

I, _Diane M. Wilson_ attended an intake interview at the Office of Equal
(Print Name)
Opportunity to file a complaint. I was informed/provided the following information:

1. This is not the official filing of the complaint. It is only the preliminary intake step (information gathering)
2. EO is a neutral fact-finding third party
3. Timeline for filing is 180 calendar days from date of most recent alleged incident; 365 days if filing a housing complaint; and 365 days if filing with FCHR
4. Complainant may have a representative at any time during the process
   a. Information should be provided by Complainant only (can only ask questions of the complainant)
   b. If representative will be speaking on Complainant's behalf, Complainant must sign form stating this.
5. Complaint basis (protected classes) have been explained as necessary
6. I have been provided the Notice of Rights and Filing Options
7. I have been provided the Witness Form (If individuals are listed as witnesses, that does not necessarily mean they will be interviewed)
8. Mediation Information:
   a. Has to be agreed upon by both parties (Complainant & Respondent)
   b. Complainant do not lose anything by entering into mediation (There is no risk)
9. Request Respondent's home/corporate office contact information
10. I signed the Notice of Rights and Filing Options and I have been provided contact information of the agencies to whom they can file

I acknowledge receipt of the above information.

_____          1/13/20
SIGNATURE                                 DATE

STATE OF FLORIDA
COUNTY OF ALACHUA

> Notary Public State of Florida
> Gilbert Means
> My Commission GG 943207
> Expires 12/29/2023

BEFORE ME, the undersigned authority, personally appeared _Diane Wilson_ to me
well-known (or who produced _known_ _____ as identification), and
s/he acknowledged before me that s/he is the person who signed the above and foregoing complaint.

WITNESS my hand and seal of my office, _Alachua_ County, Florida this _13_ day of _January_,
AD. _2020_

_____
Notary Public, State-at-Large          My commission expires: _12/23/2023_

10/7/15

# CITY OF GAINESVILLE OFFICE OF EQUAL OPPORTUNITY
## NOTICE OF RIGHTS AND FILING OPTIONS
### FOR THE COMPLAINANT

I HAVE BEEN COUNSELED ON MY RIGHTS AND THE OPTIONS OPEN TO ME INVOLVING MY SITUATION. I UNDERSTAND THAT I MAY CHOOSE TO FILE A DISCRIMINATION COMPLAINT WITH THE CITY OF GAINESVILLE OR ANY OF THE AGENCIES LISTED BELOW. I ALSO UNDERSTAND THAT IT IS MY DECISION IF I FILE WITH ALL THE LISTED AGENCIES AT THE SAME TIME OR FILE WITH ONE AGENCY AND NOT THE OTHERS.

> Office of Equal Opportunity (City Ordinance – only) – 180 days/365 for Housing complaints
> 222 E. University Ave.
> Station 52
> Gainesville, FL 32602
>
> *Office of Equal Opportunity (Internal Complaint against City only) – 180 days
> 222 E. University Ave.
> Station 52
> Gainesville, FL 32602
>
> Florida Commission on Human Relations (State) – 365 days
> 2009 Apalachee Parkway, Suite 100
> Tallahassee, FL 32301
>
> U.S. Equal Employment Opportunity Commission (Federal) –300 days
> One Biscayne Tower, Suite 2700
> 2 South Biscayne Blvd.
> Miami, FL 33131

I understand that filing either an external or internal complaint does not preclude my right to file with other local, state, and federal agencies.

*I understand that if I file a complaint with the City of Gainesville ("City") Office of Equal Opportunity against the City or a City employee (or an "internal complaint"), my internal complaint will be investigated by the Office of Equal Opportunity in accordance with Policy EO-8 and will result in a final written investigative report with findings and recommendations to the appropriate Charter Officer or the City Commission. The Charter Officer or City Commission may or may not implement the Office of Equal Opportunity's recommendations. I understand that a finding of cause or no cause on my internal complaint will **not** give me the right to sue the City in federal or state court under federal, state, or local civil rights laws. I understand that if I have a complaint against the City or a City employee and I would like to seek relief from the courts for discrimination, harassment, hostile work environment, or retaliation, I must first file a complaint with Florida Commission on Human Relations or the U.S. Equal Employment Opportunity Commission.

_Diane M. Wilson_
Print Name

_Diane Wilson_                                    1/13/20
Signature indicates receipt of                    Date
notification of rights and filing options

Created: 10/3/05
Last Updated: 08/16/2016

000379

# EXHIBIT "C"



FOR OFFICE USE ONLY:

COMPLAINT #: EO-I-2020-20

## COMPLAINT OF DISCRIMINATION

**COMPLAINANT:**     **VS**     **RESPONDENT:**

Name: Diane Wilson            Address:
Address: 3454 NW 50th Ave       City:
City: Gainesville                Phone#
Phone # 352-359-3719

---

### THE ALLEGATION OF DISCRIMINATION IS BASED UPON

| | | |
|---|---|---|
| ____ SEXUAL ORIENTATION | ____ AGE | ____ DISABILITY |
| ____ RACE | ____ RELIGION | ____ GENDER IDENTITY |
| ____ COLOR | ____ NATIONAL ORIGIN | ____ RETALIATION |
| _x_ GENDER | ____ MARITAL STATUS | |

---

### TYPE OF COMPLAINT:

_x_ FORMAL     ____ INFORMAL

### TYPE OF ALLEGATION:

____ HOUSING     _x_ EMPLOYMENT     ____ PUBLIC ACCOMMODATION     ____ FAIR CREDIT

____ OTHER (PROGRAMS/SERVICES)

**IF ANY OF THE FOLLOWING APPLY, PLEASE CHECK, ONLY, IF YOUR COMPLAINT IS BASED ON ONE OF THE ABOVE PROTECTED CHARACTERISTICS:**

Some Issues: Termination, resignation, forced-resignation, demotion, sexual harassment, harassment, denied-promotion, lay-off, denied pay increase.

Denied promotion as retaliation for filing EO complaint about the hiring process of same position

---

Date of most recent discriminatory action: _____ 5/11/2020 _____

The reason the Respondent gave for the alleged discriminatory action (eg: no work, downsizing, company closing, etc.) __ I haven't discussed with Respondent _____

_____

_____

Revised: 1/2020



CITY OF GAINESVILLE
OFFICE OF EQUAL OPPORTUNITY

I will advise the Office of Equal Opportunity if my address or telephone number changes and I will cooperate fully with them in the processing of my complaint in accordance with their procedures.

Note: During the investigation of a complaint, the Office of Equal Opportunity is neither an advocate for the Complainant or the Respondent.

I declare under penalty of perjury that the foregoing is true and correct.

**NOTARIZED SIGNATURE**

_(signature)_

**(COMPLAINANT)**

**STATE OF FLORIDA**

**COUNTY OF ALACHUA**

Sworn to and subscribed before me by means of _ physical presence or _ online notarization, this 13 day of May. 2020 by Diane Wilson , who is personally known to me or has produced_____ as

identification and by _____, who is personally known to me or has

produced_____ as identification .

_(signature)_

Signature of Notary Public

My commission expires:_____

_(notary seal: Notary Public State of Florida / Gilbert Moore / My Commission GG 44021 / Expires ...)_

**CITY OF GAINESVILLE OFFICE OF EQUAL OPPORTUNITY**
**222 E. UNIVERSITY AVE., 2ND FLOOR**
**OLD LIBRARY BLDG**
**P.O. BOX 490, STATION 52**
**GAINESVILLE, FL 32627-0490**

Revised: 1/2020

**CITY OF GAINESVILLE OFFICE OF EQUAL OPPORTUNITY**

**DAILY INTAKE FORM**

INTAKE PERSON: _____ TIME: _____ DATE_____

CONTACT MADE BY:   PHONE: ☐   MAIL: ☐   IN PERSON: ☒   E-MAIL: ☐

NAME: _____ Diane Wilson

ADDRESS: _____ 3454 NW 50th Ave _____ CITY: _____ Gainesville

STATE:_____ ZIP CODE_____ PHONE NUMBER: _____ (352)359-3719

EMAIL: _____ gatorcakes@yahoo.com

**HOW DID YOU HEAR ABOUT THE OFFICE OF EQUAL OPPORTUNITY?**
_____ City employee

**HAVE YOU FILED THESE ALLEGATION(S) WITH ANY OTHER AGENCY (EEOC, FCHR, Union)?**
_____ Original EO complaint has been filed with EEOC, this retaliation claim has not yet gone to EEOC

**ARE YOU A:**
CITY EMPLOYEE: **X**   OR   CITIZEN: ☐

**IF CITY EMPLOYEE, DEPARTMENT EMPLOYED BY:**
_____ Finance

**TYPE OF COMPLAINT:**

**FORMAL: x     INFORMAL:** ☐

**TYPE OF ALLEGATION(S):**

EMPLOYMENT: ☐     SERVICES, PROGRAMS, ACTIVITIES: ☐

**DO YOU BELIEVE THE SITUATION OCCURRED BECAUSE OF ONE OF THE PROTECTED CLASSES?**

**X YES**   If yes, which one(s)?        ☐ **NO**

**BASIS: (Please check all that applies)**

☐ Sexual Orientation_____
☐ Race _____
☐ Color _____
**X** Gender _____ female
☐ Age _____
(Only apply if 40 yrs old + over)

☐ Religion _____
☐ National Origin_____
☐ Marital Status _____
☐ Disability _____
☐ Gender Identity _____

☐ Harassment - based on which protected class?_____

☐ Hostile work environment - based on which protected class? _____

X Retaliation - based on which protected class? Retaliation for filing complaint for discrimination based on my gender

*NOTE: IF NOT BASED ON ONE OF THE PROTECTED CLASSES, PLEASE STOP HERE*

# EXHIBIT "D"

# EMPLOYMENT AGREEMENT

**THIS AGREEMENT,** made and entered into this _2_ day of _Nov_, 2018, by and between the City of Gainesville, Florida, hereinafter called the "City" and Teneeshia Marshall, hereinafter also called "Equal Opportunity Director", both of whom understand as follows:

**WITNESSETH:**

**WHEREAS,** Teneeshia Marshall is qualified and competent to serve as the Equal Opportunity Director, and is ready, willing and able to perform the duties of Equal Opportunity Director consistent with the following terms and conditions; and

**WHEREAS,** Teneeshia Marshall and the City of Gainesville feel it would be mutually beneficial to enter into a contract of employment setting forth agreements and understandings which:

1. provide inducement for the Equal Opportunity Director to accept such employment with the City;

2. make possible full work productivity by assurances to the Equal Opportunity Director with respect to future security;

3. establish the basis, framework and context for the relationship which shall exist between the City and the Equal Opportunity Director; and

4. provide a just means of terminating the Equal Opportunity Director's services at such time as the City Commission may desire to terminate such employment.

**NOW, THEREFORE,** in consideration of the mutual covenants herein contained, the parties agree as follows:

**Section 1.   Duties.**

The City Commission hereby agrees to employ Teneeshia Marshall as the Equal Opportunity Director of the City of Gainesville to perform duties and functions of said position as specified in the City Charter, Code of Ordinances, and job description, if any, and such other lawful duties as the City Commission may from time to time assign the Equal Opportunity

1

Director.

### Section 2.   Term.

This Agreement shall be of a continuing nature, provided, however, that:

A.     The Equal Opportunity Director shall hold office at the will of the City Commission, and nothing in this Agreement shall prevent, limit, or otherwise interfere with the right of the City Commission to terminate the services of the Equal Opportunity Director at any time, subject only to the provisions set forth in Section 4 of this Agreement.

B.     Nothing in this Agreement shall prevent, limit, or interfere with the right of the Equal Opportunity Director to resign at any time from her position with the City, subject only to the provisions set forth in Section 4 of this Agreement.

C.     The Equal Opportunity Director shall report for duty as Equal Opportunity Director for the City of Gainesville on December 1, 2018, which date shall be the Equal Opportunity Director's leave progression date for the purposes of computing benefits.

### Section 3.   Salary and Related Matters.

A.     The City Agrees to pay the Equal Opportunity Director for her services rendered pursuant hereto an annual base salary of $113,000.00, payable in equal installments at the same time as other employees of the City are paid.  The City agrees to increase said base salary and/or benefits of the Equal Opportunity Director in such amounts and to such extent as the City Commission and the Equal Opportunity Director may determine that it is desirable to do so.  The Equal Opportunity Director's performance, salary, and benefits shall be reviewed after the conclusion of every fiscal year by the City Commission.  The performance objectives and review procedures will be established by mutual agreement of the Equal Opportunity Director and City Commission at the beginning of the fiscal year for the next review period.  Any salary increases

will be based on the Equal Opportunity Director's performance of the established performance objectives and review procedures in the prior fiscal year and become effective on the first Monday of the first full pay period of the next calendar year.

B.     The City shall fix any such other terms and conditions of employment as it may determine from time to time, relating to the performance of the Equal Opportunity Director, provided such terms and conditions are not inconsistent with the provisions of this Agreement, the City Charter, or any other law.

C.     All provisions of the City Charter and the Code, and regulations, policies, and rules of the City relating to fringe benefits and working conditions as they now exist or hereafter may be amended, including without limitation, health insurance and disability retirement benefits, also shall apply to the Equal Opportunity Director as they would to other management employees of the City hired on December 1, 2018, except as herein provided.

D.     The Equal Opportunity Director shall be entitled to the rights described in said Human Resources Policy L-3 except as modified as follows. Upon commencement of employment as Equal Opportunity Director, the Equal Opportunity Director shall receive 82.25 hours of PTO upon employment. Beginning with the ninth (9th) pay period after commencement of employment as Equal Opportunity Director, the Equal Opportunity Director shall accrue PTO at the rate of 10 hours 28 minutes per pay period or the rate of accrual per pay period applicable to Equal Opportunity Director's leave progression date, whichever is greater. The maximum number of PTO hours that can be accrued (carryover cap) is 560 hours, adjusted as otherwise provided in Policy L-3. The Equal Opportunity Director is not eligible to earn administrative leave.

Upon termination of employment, unused and accrued PCLB is forfeited and not compensable under any circumstances unless otherwise generally allowed for management

3

employees of the City hired on Equal Opportunity Director's leave progression date.

E.     The Equal Opportunity Director shall have the option of utilizing either the City's contractual medical provider or her personal physician for a yearly physical exam and EKG, provided that, in the latter case, the monetary exposure for the City shall not exceed $250.00.  If a personal physician is utilized, Equal Opportunity Director will be required to submit any bills for the services provided through any available insurance coverage before requesting reimbursement from the City for non-covered deductibles or co-insurance payments. The scope of the examination will be that of a "Type A" physical examination as described in the City's contract with Family Practice Medical Group or an examination of a similar scope with any successor provider. Services provided by a personal physician other than those listed under Type A above shall not be subject to reimbursement under this paragraph.

F.     The City shall provide the Equal Opportunity Director term life insurance under the City's group plan, in an amount equal to approximately two (2) times the salary of the Equal Opportunity Director up to a maximum of $250,000.00.   The parties understand that, in accordance with law, a portion of the life insurance provided, and the amount of premium payments, may constitute a taxable benefit to the Equal Opportunity Director.

**Section 4.     Termination and Severance Pay.**

A.     In the event the Equal Opportunity Director's employment is terminated by virtue of her resignation, she shall inform the City Commission in writing and shall give the City Commission two (2) months written notice in advance, unless the parties otherwise agree.

B.     In the event the Equal Opportunity Director is terminated for cause as so stated by at least four (4) members of the City Commission, at the time of termination, the City shall have no obligation to provide any severance pay, but accrued and unused PTO shall be paid for. It is

understood and agreed that the City Commission will be the sole judge as to the effectiveness and efficiency with which the Equal Opportunity Director performs her employment, and whether cause exists for the termination of such. By way of illustration, but not limitation, the following are some examples of situations the parties agree could reasonably be deemed "cause" warranting denial of severance pay: gross negligence in the handling of City affairs; willful violation of the provisions of law; willfully disregarding a direct order or demand of the City Commission or a policy of the City; conduct unbecoming of an Equal Opportunity Director; pleading guilty or nolo contendere to, or being found guilty by a jury or court of a misdemeanor involving physical violence, theft, driving under the influence of alcohol or drugs or possession or sale of drugs, or a felony, regardless of whether or not adjudication is withheld and probation imposed.

  C.  In the event the Equal Opportunity Director's employment is terminated under any other circumstances during such time as the Equal Opportunity Director is willing and able to perform the duties of Equal Opportunity Director, then the Equal Opportunity Director shall be entitled to severance pay in the following amounts, less appropriate deductions for federal withholding and other applicable taxes. If such termination occurs during the first year of employment as Equal Opportunity Director, the City agrees to pay employee an amount equal to 15 weeks' salary; if such termination occurs during the second year of such employment, the City agrees to pay employee an amount equal to 17 weeks' salary; if such termination occurs during the third year and thereafter of such employment, the City agrees to pay employee an amount equal to 20 weeks' salary. Any severance pay due under this Agreement shall be paid to the Equal Opportunity Director in a lump sum payment during the next regular payroll period following her termination of employment.

D.     If termination of employment occurs under any other circumstance, i.e., death or disability, or the Equal Opportunity Director is unable, or anticipated to be unable, to perform the duties of her position due to a physical or mental impairment for a period of 90 consecutive days, or 180 days out of the next 365 days, then the parties may agree to terminate the Equal Opportunity Director and pay the Equal Opportunity Director, effective the last day of her employment, an amount, less appropriate deductions for federal withholding and other appropriate taxes up to a maximum of 12 weeks' salary at her current rate of pay, in addition to any accrued and unused PTO and any other benefits to which she is entitled.

E.     Any severance pay provided to the Equal Opportunity Director by the City shall not exceed an amount greater than 20 weeks of salary, provided, however, the Equal Opportunity Director is prohibited from receiving any severance pay from the City if the Equal Opportunity Director's employment is terminated by the City Commission for misconduct, as defined in Florida Statute Section 443.036(30).

**Section 5.     Dues and Subscriptions.**

The City agrees to pay for the professional dues and subscriptions of the Equal Opportunity Director necessary for her continuation and full participation in national, regional, state, and local associations and organizations necessary and desirable for her continued professional participation, growth, and advancement, and for the good of the City. The total expenditure for dues and subscriptions may be limited by the amount specifically approved and appropriated in the City's Annual Financial and Operating Plan Budget.

**Section 6.     Bonding.**

The City shall bear the full cost of any fidelity or other bonds required of the Equal Opportunity Director under any law or ordinance.

**Section 7.    Vehicle.**

The City agrees to provide the Equal Opportunity Director the option of choosing either a City-provided vehicle for her use in performing the duties of her employment and for commuting and de minimus personal use or a $450.00 monthly car allowance.

**Section 8.    Retirement.**

The City agrees to execute all necessary agreements provided by the International City Management Association Retirement Corporation (ICMARC) or similar City approved providers for participation in any such retirement plans sponsored by the City. The Equal Opportunity Director will decide the percentage of her base salary that she desires to have contributed/deferred to such plans and the City will implement her decision to the extent allowed by law by, among other things, deducting appropriate equal proportionate amounts each pay period.  The City agrees to transfer ownership of said funds to succeeding employers upon the Equal Opportunity Director's termination, if such is in accordance with the plan provisions and legal requirements in effect at that time.

**Section 9.    Relocation and Expenses.**

A.    After securing competitive bids or quotes, the City shall pay directly to a qualified, licensed and insured carrier or company, or reimburse the Equal Opportunity Director at her option for the expenses of packing and moving the Equal Opportunity Director, her family, and the personal property from Puyallup, Washington to her chosen residence in the City of Gainesville, Florida.  Allowable costs shall include packing, unpacking, transport, insurance and any temporary storage costs necessary.  Said payment will be based on actual expenditures, shall not exceed $10,000.00, is reimbursable for a period of 18 months from the Equal Opportunity Director's employment start date, and shall be repaid by the Equal Opportunity Director to the

City if she voluntarily terminates employment with the City within 18 months of December 1, 2018.

B.      The City shall pay the Equal Opportunity Director temporary living expenses in the amount of $1,300.00 per month (in addition to base salary payments), for a duration not to exceed six (6) months, effective beginning December 1, 2018.  However, such temporary living expense payments shall cease when the Equal Opportunity Director purchases and acquires legal possession of a permanent residence, provided this occurs prior to the end of the six-month period.

C.      The City shall provide funds (in addition to base salary payments) for up to three (3) trips and associated costs of the Equal Opportunity Director and her dependents to and from Puyallup, Washington to the City of Gainesville on a direct reimbursement basis, whether incurred before or after the execution of this Agreement, but such funds shall not exceed $15,000.00.

**Section 10.      General Provisions.**

A.      The text herein shall constitute the entire Agreement between the parties.

B.      If any provision, or any portion thereof, contained in this Agreement is held unconstitutional, invalid, or unenforceable, the remainder of this Agreement, or portion thereof, shall be deemed severable, shall not be affected and shall remain in full force and effect.

C.      Except as otherwise provided herein, the terms and conditions of employment described in this Agreement shall be effective December 1, 2018.

**IN WITNESS WHEREOF,** the City has caused this Employment Agreement to be signed and executed on its behalf by its Mayor, and duly attested to by its Clerk of the Commission, and the Equal Opportunity Director has signed and executed this Employment Agreement, both in

duplicate on the respective dates under each signature.

CITY OF GAINESVILLE

LAUREN POE
MAYOR
DATED: Nov. 6, 2018

ATTEST:

BY:
OMICHELE D. GAINEY
CLERK OF THE COMMISSION
DATED: 11-6-2018

TENEESHIA MARSHALL
EQUAL OPPORTUNITY DIRECTOR
DATED: 11-2-2018

10